**12 CIV 7274**

D. Maimon Kirschenbaum
Denise A. Schulman
Charles E. Joseph
JOSEPH & KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA
Collective Plaintiffs, and proposed Class*



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
**ALESSANDRO FAGORZI, on behalf of
himself and others similarly situated,**

              **Plaintiff,**

    **v.**

**LE BERNARDIN, INC., MAGUY LE COZE,
and ERIC RIPERT**

              **Defendants.**
--------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

      Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

### JURISDICTION AND VENUE

      1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331

because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they

are so related to the claims in this action within the Court's original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Defendant Le Bernardin, Inc. is a New York Corporation that operates Le Bernardin restaurant in Manhattan.

4.      Le Bernardin has an annual gross volume of sales in excess of $500,000.

5.      Defendant Maguy Le Coze ("Le Coze") is an owner and operator of Le Bernardin. Upon information and belief, Le Coze exercises sufficient control of the restaurant's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and New York Labor Law.

6.      Defendant Eric Ripert ("Ripert") is a chef/owner and operator of Le Bernardin. Upon information and belief, Ripert exercises sufficient control of the restaurant's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and New York Labor Law.

7.      Le Coze and Ripert are each part owners of Le Bernardin.

8.      Le Coze and Ripert have the power to hire and fire Le Bernardin employees.  For example, Ripert was involved in the decision to fire Luis Pazos and Miguel Gonzales, a former captain and back waiter, respectively, at Le Bernardin.  Upon information and belief, Ripert fired a busboy named Carlos, and Le Coze and Ripert hired Le Bernardin's general manager.

9.      Le Bernardin's general manager, David Mancini, reports to Le Coze and Ripert. According to a 2008 book co-authored by Ripert, *On the Line: Inside the World of Le Bernardin*, "Mancini and Maguy Le Coze are in constant contact, no matter where Le Coze is in the world."

10.     Le Coze and Ripert are actively involved in managing the restaurant's operations. For example, Ripert oversees the development of new menu items, and Le Coze monitors the restaurant's financials.

11.     *On the Line* states that Le Coze participates in weekly meetings with Le Bernardin's accountant during which she "literally goes down the small-type list with a ruler, questioning expenses from food costs to credit-card fees and a company called Fix My Gasket[.]"

12.     Le Coze is also involved in supervising service staff. According to *On the Line*, Le Coze demands a high level of service from Le Bernardin's staff, and "[s]he sees everything" on the dining room floor. Rather than communicating a correction or critique directly to a service employee, she communicates it to maitre d'/manager Ben Chekroun, to whom all service employees report.

13.     All Defendants are hereinafter collectively referred to as "Defendants."

14.     Plaintiff Alessandro Fagorzi was employed by Defendants as a front waiter from approximately October 2008 to February 2010.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants at Le Bernardin in any tipped position on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18.     Plaintiff brings the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at Le Bernardin in any tipped position on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and

addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

20.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

21.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, spread of hours, and overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree

of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)     Whether Defendants employed Plaintiff and the Class within the meaning of the New York law.

b)     Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

c)     At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the Class members for their work.

d)     Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

e)     Whether Defendants properly compensated Plaintiff's and Class members for overtime.

f)     Whether Plaintiff and Class members were forced to share their tips with parties who are not entitled to their tips.

g)     Whether Defendants properly paid Plaintiff and the Class members New York's spread of hours premium.

## FACTS

26.     Plaintiff's consent to sue form is attached hereto as Exhibit A.

27.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

28.     Defendants knew that nonpayment of minimum wage, nonpayment of overtime and spread of hours premium, and improperly forcing the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class to share their tips with Defendants' agents would economically injure Plaintiffs and violated federal and state laws.

29.     Defendants unlawfully paid the Plaintiff and Class members an hourly rate below the federal and state minimum wage for regular and overtime hours worked.

30.     Plaintiff and Class members often worked in excess of 40 hours per workweek.

31.     Defendants failed to pay Plaintiff one and one half times his regular rate for all overtime hours worked.

32.     Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under 29 U.S.C 203 (m) and 12 N.Y.C.R.R. § 137-1.5 because Defendants misappropriated portions of Plaintiff's and Class members tips.  This misappropriation of tips also violated New York Labor Law.

33.     Specifically, Plaintiff and Class members were required to pool their tips with managers such as Ben Chekroun who exercised significant managerial control over the wait staff at Le Bernardin.  To be sure, Mr. Chekroun's share of the nightly tips was larger than that of most of the service staff.

34.     Mr. Chekroun had the power to hire, fire, discipline, and schedule employees.

35.     Plaintiff and Class members was also required to share tips with other managerial employees, including but not limited to Le Bernardin's wine director and salon manager.  These managers had the power to hire, fire, and discipline employees.

36.     Plaintiff and Class members were also required to share tips with non-service employees, such as a "coffee guy" who worked exclusively in the kitchen preparing coffee and did not provide direct service to guests.

37.     Defendants charged mandatory gratuities to private event hosts.

38.     Instead of distributing these gratuities in their entirety to the wait-staff, Defendants retained a significant percentage of the gratuities and/or used it to pay the event coordinator.

39.     Plaintiff's and Class Members' workdays often lasted longer than 10 hours. Until 2011, Defendants did not pay Plaintiff or the Class members New York's "spread of hours" premium equal to one hour's pay at the minimum wage for each such workday.

40.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

**FIRST CLAIM FOR RELIEF**
**(FLSA Claims, 29 U.S.C. §§ 201,** *et seq.,*
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

41.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

42.     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

43.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

44.     Plaintiff, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper

### SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
### Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

45.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46.     Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

47.     At all relevant times, Defendants have operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at one and one half times the minimum wage for all work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

48.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

49.     Plaintiff, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double)

damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*
Brought by Plaintiff on Behalf of Himself and the Class)**

50.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51.     Defendants knowingly paid the Plaintiff and members of the Class less than the New York state minimum wage.

52.     Defendants did not pay Plaintiff or Class members the New York minimum wage for all hours worked.

53.     Defendants' failure to pay Plaintiff and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

54.     As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiff and the Class members are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(New York  Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
Brought by Plaintiff on Behalf of Himself and the Class)**

55.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

56.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

57.     Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class at the required overtime rates, one and one half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

58.     As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffsand the Class members are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d**
**Brought by Plaintiff on Behalf of Himself and the Class)**

59.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

60.     Defendants retained portions of Plaintiff's tips and Class members' tips.

61.     Defendants' retention of Plaintiff's and Class members' tips was willful.

62.     As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiff and the Class members are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions,**
**N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7**
**Brought by Plaintiff on Behalf of Himself and the Class)**

63.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

64.     Plaintiff and the Class Members regularly worked more than 10 hours in a workday.

65.     Defendants willfully failed and intentionally failed to compensate Plaintiff and/or Class Members one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

66.     As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiff and the Class members are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.     Designation of this action as a class action pursuant to F.R.C.P. 23.

D.     Designation of Plaintiff as Representative of the Class.

E.      An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.      Penalties available under applicable laws;

G.      Costs of action incurred herein, including expert fees;

H.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. § 663 and other applicable statutes;

I.      Pre-Judgment and post-judgment interest, as provided by law; and

J.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        September 27, 2012

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____

    D. Maimon Kirschenbaum
    Denise A. Schulman
    Charles E. Joseph
    233 Broadway
    5th Floor
    New York, NY 10279
    Tel: (212) 688-5640
    Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, proposed FLSA
Collective Plaintiffs, and proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.